The Honorable Steve Luelf State Senator P.O. Drawer 447 Mountain Home, Arkansas 72653
Dear Senator Luelf:
This is in response to your request for an opinion on whether an annual "Outstanding Service Award" of a specific amount of money to be given to one or more outstanding county employees per year would be an unlawful gift of county property or lawful compensation for an outstanding job. You note that the award would only be given to non-elected county employees.
It is my opinion that your question is not clearly answered by the law of Arkansas. Only a court, therefore, with jurisdiction over the question could issue a definitive ruling. It is clear, in my opinion, that such an award cannot be given to an "officer" of the county. Section 14-14-1312 of the Arkansas Code provides that:
 No officer of any county, county quorum court district, or township shall receive from county funds, directly or indirectly, for salary, wages, and perquisites more than the amount appropriated by the respective quorum court for each respective office per annum in par funds and paid to the officer by instrument drawn by the county judge on the treasury.
Thus, if the recipient is an "officer," whether elected or non-elected, he or she may not receive the extra funds to which you refer. The question as regards county "employees" is not so clear. The salaries of county employees are set by the quorum court. See A.C.A. §§ 14-14-801(a)(6) (1987) and 14-14-1206(a) (1987). It is clear, in addition, that "all compensation, including salary, hourly compensation, expense allowances, and other remunerations, allowed to any county or township officer, or employee thereof, shall be made only on specific appropriation by the quorum court of the county." A.C.A. § 14-14-1203(a). Such compensation can also be paid only upon claim or voucher presented to and approved by the county judge. A.C.A. §14-14-1203(b). Thus, a specific appropriation and approval of the county judge would be required with respect to this payment. A similar conclusion was reached with regard to giving county employees a year end one time "bonus." See Unofficial Op. Att'y Gen. 87-230.
Whether the payment of such sums to county employees would violate constitutional principles is unclear. Similar questions were addressed in Op. Att'y Gen. 91-410 (copy enclosed). It was concluded therein that such items as "certificates of appreciation" or "plaques" might fall within the acceptable realm of expenditure of county funds. This opinion did not address actual cash awards, but the same general premise would seem to apply as long as the primary purpose of the award is to foster morale and encourage outstanding job performance.
Although, as stated previously, the question can only be answered by a court faced with the question, I can find no express prohibition against the conduct you describe, as long as the appropriation and approval requirements set out above are followed.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
Enclosure